### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **DOROTHY CHAPPELL-JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 03-1557 (RCL)** |
| ) | |
| ) | |
| **SHEILA C. BAIR, Chairman,** ) | |
| **Federal Deposit Insurance Corporation** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM OPINION

This matter returns to this Court on remand from the Court of Appeals.  Plaintiff Dorothy

Chappell-Johnson, an African American who was fifty-four years old at the time that this action

commenced, brings claims of race discrimination and age discrimination against her employer,

defendant Federal Deposit Insurance Corporation ("FDIC").   The FDIC has moved [26] for

summary judgment.  For the reasons stated herein, the defendant's motion for summary judgment

shall be denied.

### I.  Background

Ms. Chappell-Johnson has been a federal civil servant for more than twenty-three years.

(Pl.'s Compl. ¶ 6.)  At the time that she brought her lawsuit, she had spent the previous thirteen

years with the FDIC and/or the Resolution Trust Corporation ("RTC").  (*Id.*)  Prior to the 1996

merger between the RTC and the FDIC, Ms. Chappell-Johnson was a grade CG-11 employee.

(*Id.*)  As a result of the merger, however, her grade was reduced to CG-9.  (*Id.*)

1

In July 1999, Ms. Chappell-Johnson was serving in the Compensation and Benefits Section of the Personnel Services Branch of the Division of Administration as a Personnel Management Specialist, CG-201-9.  (Id. at ¶ 7).  The FDIC posted Vacancy Announcement No. 99-ADEU-169, for a Personnel Management Specialist position, CG-201-13, in the unit to which Ms. Chappell-Johnson was assigned.  (*Id*.)  According to the job posting, the position required applicants had to have "one year of specialized experience equivalent to the next lower grade level."  (Def.'s Mot. Summ. J. Ex. B.)

Earlier that year, when she had learned that the position was to become available, Ms. Chappell-Johnson asked her second-line supervisor, Lois Cheney, the Associate Director for Compensation and Benefits, to have the position posted at CG-11/12.  (Aff. Dorothy Chappell-Johnson 4.)  Had the position been posted at the lower grade, Ms. Chappell-Johnson would have been able to apply for it.  (*Id*.)  Ms. Chappell-Johnson contends that despite her request, Ms. Cheney and the FDIC management refused to lower the position's grade.  (Pl.'s Compl. ¶ 7.)  As a result, she was unable to compete for the vacancy.  (*Id*.)

Ms. Chappell-Johnson also contends that prior to July 1999, Ms. Cheney, a white female, had reduced the grade of vacant positions in order to permit lower grade employees to compete for them.  (*Id*.)  She claims that this practice benefitted younger, non-African American employees.  (*Id*.)  In her affidavit, Ms. Chappell-Johnson states:

> I first spoke with Mr. Harrington and Ms. Cheney in 1998 about filling a Personnel Management Specialist position that a co-worker, Mary Anderson, had vacated.  I asked them to lower the grade of the position from CG-13 to the CG-11/12 level so that I could apply, as was similarly done in the past for Catherine Stephens, a younger white employee.  A position was lowered from a CG-12 to the CG-9/11/12 level, so that Ms. Stephens, who was a CG-8, could apply.  Ms. Stephens was selected for the job, and was then given training, and is still being

trained to meet all of the job requirements under the same Associate Director.  Mr.
Harrington and Ms. Cheney responded that they were looking for someone at the
CG-13 level with compensation experience.  I had the payroll background, which
included some compensation experience.

(Aff. Dorothy Chappell-Johnson 4.)  Ms. Chappell-Johnson asserts that another "younger white

employee," Victoria Hebert, "was promoted from CG-12 to CG-13 without having compensation

knowledge or experience."  (*Id*.)  Furthermore, she states in her affidavit that:

> Once I asked Ms. Cheney if a promotion could be arranged on a temporary basis
> since I was doing some higher graded work, and she responded that she could not
> make temporary promotions.  Later, however, Ann Rzepka, a younger white
> employee, was given a temporary promotion to a CG-14, and remains in that
> position as of today.

(*Id.*)

On December 16, 1999, Ms. Chappell-Johnson filed a formal Equal Employment

Opportunity complaint alleging age and race discrimination.  (Pl. Compl. ¶ 7.)   In July 2001, the

FDIC's Office of Diversity and Economic Opportunity notified the plaintiff that her claim was

subsumed in a class action lawsuit then pending against it.[1]  (*Id*. at ¶ 8.)  Her claims were

therefore held in abeyance pending resolution of the lawsuit.  (*Id*.)  On April 16, 2003, the

FDIC's Office of Diversity and Economic Opportunity notified Ms. Chappell-Johnson that it had

resumed processing her complaint.  (*Id*.)

Subsequent to the resumption of her EEO complaint, Miguel Torrado, the Director of

Personnel, asked Ms. Chappell-Johnson to accept a voluntary downgrade from her position as a

Human Resources Specialist with a grade of CG-9 to a position as a Human Resources Assistant

with a grade of CG-8.  (*Id*. at ¶ 9.)  After she declined to do so, she was involuntarily

---

[1]*Conanan v. Tanoue*, 2001 WL 1488621 (D.C. Cir. Oct. 16, 2001).

downgraded and moved to another office location.  (*Id.*)

On July 21, 2003, the plaintiff filed her complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by section 102 of the Civil Rights Act of 1991, 42, U.S.C. § 1981a, and pursuant to the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 633a.  In her complaint, she claimed discrimination based on race and age. She also claimed that the FDIC retaliated against her.  The defendant filed a motion to dismiss, or, in the alternative, for summary judgment.  Because the defendant moved prior to discovery, the plaintiff submitted a Rule 56(f) motion seeking discovery.  In a memorandum and opinion, this Court denied the defendant's motion to dismiss as to all claims, but granted summary judgment as to all claims.  *Chappell-Johnson v. Powell*, No. 03-1557 (D.D.C. Sept. 30, 2004). As to her discrimination claims, this Court determined that her allegations, even if proven true, rendered her success impossible on the merits because she never applied for the vacancy and could not therefore establish a prima facie case.  Consequently, the Court denied the plaintiff's Rule 56(f) motion.  *Id*.

On appeal, the Court of Appeals held that the plaintiff's claims might satisfy the elements of a prima facie case for discrimination under a standard more flexible than the one that had been considered by this Court.  *Chappell-Johnson v. Powell*, 440 F.3d 484, 487-488 (D.C. Cir. 2006). It therefore remanded the case for further proceedings on the discrimination claims.  *Id*. at 489. The defendant asserts that discovery is unnecessary and, raising new arguments, has again moved for summary judgment.  This Court now considers the defendant's motion.

## II.  Analysis

## A. Applicable Legal Standard

### 1. Summary Judgment

According to the Federal Rules of Civil Procedure, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Fed. R. Civ. P. 56(c); *Celotex Corp., v. Catrett*, 477 U.S. 317, 322 (1986). Substantive law determines which facts are material, and "summary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Consequently, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Intl. v. Dept. of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Intl. v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)).

### 2. Title VII and ADEA Claims

"Title VII of the Civil Rights Act of 1964 prohibits federal agencies, including government corporations like FDIC, from discriminating in employment on the basis of race." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). Similarly, the ADEA prohibits these employers from discriminating on the basis of age. *Forman v. Small*, 271 F.3d 285, 292 (D.C. Cir. 2001). Under the burden-shifting framework established by the United States Supreme Court, the plaintiff bears the initial burden of proving a prima facie case of discrimination. *McDonnell Douglas Corp., v. Green*, 411 U.S. 792, 802 (1973).

> This may be done by showing (i) that [s]he belongs to a racial minority; (ii) that [s]he applied and was qualified for a job for which the employer was seeking

applicants; (iii) that, despite [her] qualifications, [s]he was rejected; and (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*Id*. However, the necessary elements of the prima facie case can vary depending on the

circumstance. *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006). Accordingly,

Ms. Chappell-Johnson can establish a prima facie case of discrimination if she proves that (1) she

is a member of a protected class; (2) she suffered an adverse employment action; and (3) the

unfavorable action gives rise to an inference of discrimination. *Id*. (citing *Brown v. Brody*, 199

F.3d 446, 452 (D.C. Cir. 1999)).

As the party seeking summary judgment, the FDIC "bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp.*, 477 U.S. at 323. Here, the FDIC argues that it is entitled to summary judgment

because, it contends, Ms. Chappell-Johnson cannot establish the final two prongs of her prima

facie case.

First, the FDIC asserts that Ms. Chappell-Johnson did not suffer an adverse employment

action because, it argues, she did not suffer objectively tangible harm. The agency points out that

there is no dispute that it "properly set the vacancy at issue at a grade 13 in light of the duties and

responsibilities of the contemplated position." (Mem. Supp. Def.'s Mot. Summ. J. 7.) The FDIC

contends that she "asked [it] to create a different kind of job for her and the agency ultimately did

not create such a job." (*Id*. at 6.) It also argues that she cannot show a significant change in her

employment status and, as a result, has not suffered objectively tangible harm. Moreover, the

6

FDIC contends that it had no obligation to hire Ms. Chappell-Johnson for the vacancy and that, in deciding not to hire her or anyone else for the vacancy, it was exercising its legitimate business discretion.  (*Id*. at 7.)

Ms. Chappell-Johnson does not dispute that she did not meet the grade requirement for the vacancy.  However, she disagrees with the FDIC's characterization of her claim.  She did not ask the FDIC to create a different kind of job for her.  Rather, she claims "that as a result of discrimination, she has been denied promotion."  (Pl.'s Opp'n 7.)  According to her theory, while the FDIC was willing to accommodate other employees by changing eligibility requirements for positions, it set the vacancy's eligibility requirements so as to preclude her from receiving a promotion.  (Pl.'s Opp'n 8.)

The plaintiff might be able to satisfy the adverse action element of her prima facie case if she produces evidence to support her theory.  *See Velikonja v. Gonzales*, 466 F.3d 122, 124 (D.C. Cir. 2006) ("preventing an employee from receiving a promotion constitutes an adverse action").  In *Velikonja*, the plaintiff asserted that her supervisors at the Federal Bureau of Investigation launched disciplinary investigations against her, which, though not adverse employment actions, were utilized in order to prevent her from being considered for promotion.  *Id*.  Such use constituted an adverse action.  *Id*.

The FDIC contends that regardless of whether Ms. Chappell-Johnson can show that she suffered an adverse employment action, she cannot establish that such an action gives rise to an inference of discrimination because she and the employees who were not members of her protected class were not similarly situated.  Specifically, the agency contends that for Chappell-Johnson to have a claim, she must compare her situation to other employees for whom the

employment situation was *nearly identical*.  While this argument might have merit, it would be exceedingly difficult for the plaintiff to refute it absent the opportunity to discover evidence necessary for determining how similarly situated she and the other employees may have been.

According to Ms. Chappell-Johnson's theory, her supervisors had the authority to grade the position in accordance with her request, they had done so for her younger, non-African American co-workers in the past, but that, upon her request that they treat her similarly, they refused to do so and maintained the posting at the CG-13 level, thus precluding her from competing for promotion to the position because of her race and age.  While the Court has carefully considered the defendant's arguments, the Court finds that Ms. Chappell-Johnson alleges facts that, if proven true, might establish an inference of discrimination. She will therefore be given the opportunity to conduct discovery.

### III.  Conclusion

Without discovery, the plaintiff cannot produce the evidence necessary to meet her burden of proving the elements of her prima facie case by a preponderance of the evidence nor can she refute the arguments that the defendant has proffered to support its motion for summary judgment.  Ms. Chappell-Johnson shall be given the opportunity to conduct discovery.  While the defendant remains free to raise its arguments after discovery has concluded, for the reasons stated herein, the defendant's motion for summary judgment shall be denied.


A corresponding order setting forth the Court's Judgment in this case shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, June 28, 2007.