UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOROTHY CHAPPELL-JOHNSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 03-1557 (RCL) |
| SHEILA C. BAIR, Chairman, Federal Deposit Insurance Corporation | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Upon consideration of defendants' Motion for Summary Judgment on all counts [46], plaintiff's Opposition [48], defendants' Reply [49], the applicable law and the record herein, the Motion for Summary Judgment will be **granted**.

**I.    Background**

Dorothy Chappell-Johnson has been an employee of the Federal government for over 15 years. She is currently an employee with the Federal Deposit Insurance Corporation ("FDIC") as a CG-9 level employee. Prior to reorganization in 1996, Ms. Chappell-Johnson spent over a year as a CG-11 level employee, making her eligible for promotion to a position with a classification of CG-12 or lower. (Pl.'s Compl. ¶ 6). In 1999, the FDIC posted a vacancy for a position which was classified as a CG-13 position, meaning Ms. Chappell-Johnson was ineligible to apply for it.

Ms. Chappell-Johnson alleges that she had asked her superiors to lower the classification of the position so that she would be eligible to apply for it, but that they refused to do so. She

claims that their refusal was motivated by her race and age. Defendants deny this and claim that the classification was made as a legitimate, non-discriminatory business decision.

Ms. Chappell-Johnson filed an Equal Employment Opportunity claim on December 16, 1999. Her claim was subsumed into a class action suit but later severed and reconsidered as an EEO claim in April 2003. Ms. Chappell-Johnson filed this suit on July 21, 2003, and in its original form it included a claim for retaliation as well as for the allegedly discriminatory job-posting classification. Defendants moved for dismissal or, in the alternative, summary judgment on both claims. Summary judgment was granted on both, but reversed on appeal as to the discrimination claim; it was upheld as to the retaliation claim, which is no longer part of this suit. *See Chappell-Johnson v. Powell*, 440 F.3d 484 (D.C. Cir. 2006). A second summary judgment motion was filed November 21, 2006 and denied. Discovery commenced and defendants again moved for summary judgment on December 8, 2008.

## II.     Legal Standard

When considering a motion for summary judgment, the court must take the facts in the light most favorable to the non-moving party, granting them "all justifiable inferences," and then determine if there remains a genuine issue of material fact upon which a jury could hold either way. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In determining whether or not such an issue exists which could determine the outcome of the suit, the primary consideration is the substantive law on the claim (*Anderson*, 477 U.S. at 248) but mere unsupported allegations or denials will not create a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In order to make out a prima facie case of discrimination, Plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the

unfavorable action gives rise to an inference of discrimination. *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (citing *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)). The *Brody* elements, as a substitute for the *McDonnell-Douglas* elements, do not supplant the use of the *McDonnell-Douglas* framework, which allows the defendant an opportunity to provide a non-discriminatory justification for the behavior, which the plaintiff must show to be a pretext in order for the suit to proceed. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973). The Court of Appeals recently summed-up the issue this way:

> In considering an employer's motion for summary judgment or judgment as a matter of law in those circumstances, the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?

*Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). As the *Brady* opinion made clear, once the court has reached the stage of determining pretext, the original basis for the discrimination is no longer the issue, the plaintiff must attack the justification as pretext and demonstrate why it is not the actual reason for the contested action, regardless of how the court may feel about the logic or reasonableness of that reason. *Fischbach v. District of Columbia Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996). If the plaintiff is unable to demonstrate that the explanation is a pretext, then a motion for summary judgment will succeed.

**III.   Discussion**

There is no dispute that Ms. Chappell-Johnson satisfies the first of the *Brody* elements; she is black and was over the age of 40 at the time of the posting of the position in question. On the second element, defendants dispute that their actions constitute an 'adverse employment action'. They also dispute that Ms. Chappell-Johnson has raised an inference of discrimination.

They also argue that she has failed to refute their proffered non-discriminatory justification as pretext.

### a. 'Adverse Employment Action'

Defendants spend a great deal of their efforts in their summary judgment motion and reply on the issue of whether or not the FDIC's actions in classifying and failing to reclassify the position in question constitutes an 'adverse employment action'. Citing to opinions which attempted to enumerate possible employment actions, defendants argue that there was nothing about the FDIC's behavior in this case which satisfies that element.[1]

They have, however, ignored not only this Court's memorandum opinion on defendants' second motion for summary judgment, which dealt with this exact issue, but also the Circuit Court's expansive application of this category. In *Holcomb v. Powell*, the court held that the category encompassed any action where the employee "experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Holcomb v. Powell*, 433 F.3d 889, 902 (D.C. Cir. 2006) (citing *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999)). They also ignore *Velikonja v. Gonzales* which said "preventing an employee from receiving a promotion constitutes an adverse employment action." (*Velikonja v. Gonzales*, 466 F.3d 122, 124 (D.C. Cir. 2006)).

Defendants' classification of the vacant position at a level which put it outside of Ms. Chappell-Johnson's reach is certainly an 'adverse employment action' under this Circuit's law.

---

[1] *Broderick v. Donaldson*, 437 F.3d 1226, 1233 (D.C. Cir. 2006) and *Taylor v. Small,* 350 F.3d 1286, 1293 (D.C. Cir. 2003) (which point to a "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits" as possible adverse employment actions); *Dobbs v. Roche*, 329 F. Supp. 2d 33, 41 (D.D.C. 2004) (requiring "a tangible change in the duties or working conditions" to satisfy the element).

4

This matter was decided on the previous summary judgment motion and is no more a fatal issue in Ms. Chappell-Johnson's claim now than it was then.

### b. Inference of Discrimination

Ms. Chappell-Johnson has provided evidence that the decision on how to classify this vacant position was made with discriminatory intent. She has pointed to other employees ("comparators") who were able to apply for positions outside their normal range; she has provided testimony of other employees who suspected something was afoot given Ms. Chappell-Johnson's inability to get a promotion despite her performance; and she has pointed to discrepancies between defendants' witnesses' statements as to their actions towards Ms. Chappell-Johnson, in particular as to their efforts to see her promoted and of the reasons why certain types of job training were unavailable. While defendants have provided evidence themselves which attacks Ms. Chappell-Johnson's, it is not sufficient to hold that what she has presented does not satisfy the first part of the *McDonnell-Douglas* framework.

### c. Non-Discriminatory Explanation and Pretext

Contrary to Ms. Chappell-Johnson's claim in her opposition, defendants have provided a non-discriminatory explanation for the classification in their motion for summary judgment, arguing that the position was classified in accordance with the "business needs of the compensation unit" and that "it was management's prerogative to determine the skill sets that they thought were needed to accomplish the projected workload." [2] (Def. Motion at 17-18).

Ms. Chappell-Johnson has offered no evidence that this explanation is a pretext. Perhaps as a result of misreading the defendants' original motion, she neglected to argue that the

---

[2] In fact, Section C of defendants' motion for summary judgment is entitled "The Grade 13 Personnel Management Specialist Position Posted under Vacancy Announcement No. 99-ADEU-169 was Posted at a Grade Level Corresponding to the Business Needs of the Compensation Unit."

"business needs" explanation was invalid for some reason beyond the evidence of discrimination proffered to satisfy the first element. Barring any showing by the plaintiff of pretext, under the *McDonnell-Douglass* framework, she has failed to meet her burden and her claim does not survive summary judgment.

**IV. Conclusion**

For the foregoing reasons, this 24th day of July, 2009,

The Motion for Summary Judgment [46] will be **GRANTED**.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on July 24, 2009.